IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 8, 2021

**IN RE: MEGAN Y.**

**Appeal from the Circuit Court for McMinn County**
**No. 14-CV-326, 2010-CV-102     J. Michael Sharp, Judge**
_____

**No. E2021-00837-COA-R3-PT**
_____

The Notice of Appeal filed by the appellants, Jason Y. and Katina Y., stated that appellants were appealing the judgment entered on July 1, 2021. As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Joshua H. Jenne, Cleveland, Tennessee, for the appellants, Jason Y. and Katina Y.

William Tyler Weiss, Madisonville, Tennessee, for the appellee, Tisha Y.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellants to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of*

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Appellants responded to our show cause order, but failed to show that a final judgment has been entered.

The order appealed from does not appear to be a final appealable judgment as Tisha Y. filed a motion for contempt on January 6, 2015, and the record is devoid of an order addressing this motion. The Court notes that the Trial Court entered an order on February 17, 2015, which granted the motion of Tisha Y. to withdraw the motion for contempt as to case number 14-CV-326. The order specifically states, however, that the motion for contempt remains applicable to case number 2010-CV102, which was consolidated with case number 14-CV-326 by order entered May 14, 2015. As such, the motion for contempt remains pending in case number 2010-CV-102.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellants, Jason Y. and Katina Y., for which execution may issue.

**PER CURIAM**